UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KERWIN JESUS GONZALEZ-HUMBRIA,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-08947-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 2, 3, 4)

On October 30, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for temporary restraining order (Doc. No. 3), and a motion to appoint counsel (Doc. No. 4). On November 3, 2026, the court issued an order that related and reassigned the matter to the undersigned and set a briefing schedule on the pending motion for temporary restraining order. (Doc. No. 7.)

On November 5, 2026, respondent filed an opposition to the pending motion for a temporary restraining order. (Doc. No. 9.) Therein, respondent argues that the petition should be dismissed because petitioner failed to exhaust his administrative remedies. (*Id.* at 4.)

Petitioner originally entered the United States on or about June 2, 2024 through a designated port of entry. (Doc. No. 9-1 at 3.) Thereafter, he was placed into removal proceedings and paroled into this country. (*Id.*) On or about June 4, 2026, ICE re-detained petitioner during a traffic stop. (*Id.*) There is no indication that he was provided advanced notice or a pre-detention hearing before ICE re-detained him. On or about June 15, 2026, petitioner was ordered removed from the United States by an immigration judge ("IJ"). (Doc. No. 9-2 at 3–6.) Petitioner reserved the right to appeal the IJ's order (*id.* at 6), but failed to do so by the applicable deadline (Doc. No. 1 at ¶ 24). On October 13, 2026, this court denied petitioner's previously filed petition without prejudice after concluding that petitioner's failure to appeal the IJ's order by the prescribed deadline finalized his removal order and subjected him to the 90-day mandatory detention period pursuant to 8 U.S.C. § 1231(a) . *Gonzalez-Humbria v. Warden, Cent. Valley Annex Det. Facility*, 1:26-cv-06710-DAD-SCR (HC), Doc. No. 12 (Oct. 13, 2026). On November 9, 2026, respondent filed supplemental briefing informing the court that the Board of Immigration Appeals ("BIA") had accepted petitioner's late–filed appeal. (Doc. No. 10 at 1.)

In the pending petition, petitioner challenges his detention on due process grounds. (Doc. No. 1 at ¶¶ 46–49.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioners raise due process challenges to the procedures employed by immigration authorities. As such, the court will turn to the merits of the petition.

Here, because the BIA accepted petitioner's late–filed appeal of his removal order and has not yet ruled on it, the removal order is no longer final. *See Ngoasong v. Dedos*, No. 1:26-cv-02466-MIS-GJF, 2026 WL 2654984, at *2–3 (D.N.M. Sept. 9, 2026) (concluding that a removal order was not final after the BIA accepted a late filed appeal and had not yet issued a decision on it). As noted, petitioner was originally paroled into the United States, but it is unclear whether he was originally paroled into this country pursuant to 8 U.S.C. § 1182(d)(5) or 8 U.S.C. § 1226(a). In any event, because petitioner was previously released into this country, he obtained a liberty

interest in his continued freedom regardless of the statutory authority under which he was originally paroled into the United States and his re-detention without notice or a pre-deprivation hearing violates due process. *Soza Gutierrez v. Warden*, No. 1:26-cv-08117-DAD-SCR (HC), 2026 WL 3067940, at *1 (E.D. Cal. Oct. 13, 2026) ("[B]ecause petitioner was previously released into the United States, he obtained a liberty interest in his continued freedom from immigration detention regardless of the statutory provision under which he was originally paroled into the country. Further, because petitioner was re-detained without notice or a pre-deprivation hearing, his re-detention violated due process and he is entitled to release under either provision."). Accordingly, pursuant to its reasoning set forth in *Soza Gutierrez*, the court concludes that petitioner's re-detention violates due process and will order his immediate release.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Kerwin Jesus Gonzalez-Humbria, A-File No. 244-563-306, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about June 4, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
3. Petitioner's motions for temporary restraining order and to appoint counsel (Doc. Nos. 3, 4) are DENIED as having been rendered moot by this order granting him habeas relief;

/////

/////

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 13, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE